FILED
AUG 02 2017
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BOE MILLER,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-105-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On July 27, 2017, Petitioner Boe Miller, filed documents which the Court has construed as a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Miller is a state prisoner proceeding pro se.

**28 U.S.C. § 2254 Petition**

According to the documents he has filed, Mr. Miller believes his right to Due Process has been violated because he has been held in the Lake County Detention Center for 60 days without being formally arraigned or provided with charging documents. (Doc. 1 at 1). But Miller also attaches three Inmate Request/Grievance forms wherein he attempts to make contact with various individuals within the Department of Corrections to "start treatment" or be placed back on intensive community supervision. (Doc. 1-1 at 2-5). Miller acknowledges

1

the Probation and Parole Department has placed a hold on him. *Id.* at 5. While it does appear that a Lake County charge was dismissed on May 31, 2017, in order to allow further investigation (Doc. 1-1), a review of the Montana Correctional Offender Network reveals that Mr. Miller is currently on conditional release status for 2015 convictions of Criminal Endangerment and Theft.[1]

Miller asks this Court to intervene on his behalf and order a dismissal of the pending state criminal actions. (Docs. 1; 1-2).

### i. Analysis

As a preliminary matter, this Court does not sit in appellate review of the Montana state courts. See, 28 U.S.C. § 1651; *Demos v. United States Dist. Court*, 925 F. 2d 1160, 1161 (9th Cir. 1991)). It would be improper for the Court to intervene in the manner which Miller requests. But Miller's petition fails at this point in time for a different reason. The petition should be dismissed because the claims he advances relative to his current custody have not yet been exhausted in the state court system. Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C.

---

[1] See: https://app.mt.gov/conweb/Home/OffenderNumber/44146 (accessed July 27, 2017).

§2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

A review of Miller's petition reveals that the Lake County Attorney has not yet determined whether or not new criminal charges are to be filed against Miller; the investigation is ongoing. Additionally, Miller is currently under a hold from the Department of Probation and Parole. In either case, whether it be new charges stemming from the current investigation or a violation of his conditional release status, the state court proceedings are still in their initial stages. Even if Miller could state a cognizable constitutional claim at this juncture, it does not relieve him of the burden of first presenting such a claim to the state courts.

The Court has reviewed the Montana Supreme Court Docket, and it does not appear that Miller has attempted to file any action challenging his current custodial status.[2] Accordingly, there are still remedies available to Miller under state law, including extraordinary, direct, and collateral review. Because Miller has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Miller may return to this Court if and when he fully exhausts the claims relative to his current custody.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also

---

[2] See generally: https://supremecourtdocket.mt.gov/search/acsearch (accessed July 27, 2017).

4

decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Miller has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Miller may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Miller must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 2nd day of August, 2017.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

time would otherwise expire.