IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

NOV 01 2017

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| BOE MILLER, | CV 17–105–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondent. | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and

Recommendations in this case on August 2, 2017, recommending that Plaintiff

Boe Miller's ("Miller") petition under 28 U.S.C. § 2254 for writ of habeas corpus

be dismissed as unexhausted. Miller timely filed an objection to the findings and

recommendations, and so is entitled to de novo review of those findings and

recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C).

This Court reviews for clear error those findings and recommendations to which

no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,*

656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Clear error exists if the Court is left with a "definite and firm conviction that a

mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed Miller's objections, the Court finds that Miller has failed to meet the exhaustion requirement. Here, Miller believes his Due Process rights were violated because he has been held in the Lake County Detention Center for 60 days without being formally arraigned or provided with charging documents. (Doc. 1 at 1 ). Judge Lynch correctly concluded that his petition for relief from custody have not been exhausted in the state court system. *See Rose v. Lundy*, 455 U.S. 509 (1982). However, in his objection, Miller asks this Court to look into his 2015 conviction and the accompanying habeas petition he filed with the Montana Supreme Court. He believes his attorney had a conflict of interest at the time of sentencing. This conviction was not at issue in Miller's original habeas petition. (Doc. 1.) Thus, Miller may file another habeas petition related to that conviction if he wishes and it is appropriate for review. However, Miller fails to present sufficient evidence establishing that he exhausted his state court remedies in regard to his current incarceration in Lake County.

The Court also agrees with Judge Lynch's determination that a certificate of appealability is not warranted.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and

Recommendations (Doc. 2) are ADOPTED IN FULL. Miller's petition for writ of

habeas corpus (Doc. 1) is DENIED as unexhausted.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by

separate document a judgment in favor of Respondents and against Petitioner

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this ___1st___ day of November, 2017.

Dana L. Christensen, Chief Judge
United States District Court